JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| WRIGHT, DONALD, | ) Case No. CV 19-06823-SVW (AS) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| RACKLEY, RON, Warden, | ) |
| Respondent. | ) |

**BACKGROUND**

On August 6, 2019, Donald Wright ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket Entry No. 1). Petitioner challenges the 36-years-to-life sentence he received following his 1994 convictions for second degree robbery and evading in the Los

Angeles County Superior Court (Case No. TAO30176-02).[1] The Petition alleges the following claims for federal habeas relief: (1) "The California Supreme Court's Denial of Petitioner Wright's 'Petition for Review'[] Denied Him the Right to Redress an Illegal Sentence."; and (2) "Petitioner Wright Suffered an Illegal Sentence as a Result of 'Judicial Error.'" (Petition at 5-6, Memorandum of Points and Authorities at 4-15).

On March 5, 1999, Petitioner filed a Petition for Writ of Habeas Corpus, challenging the same convictions. See Donald Redick a.k.a. Donald Wright v. C.A. Terhune, et al., Case No. CV 99-2338-HLH (CT); Docket Entry No. 1 ("the prior habeas action"). On September 29, 1999, the district court issued an Order and Judgment denying that habeas petition with prejudice, in accordance with the recommendations of the assigned Magistrate Judge. (Id.; Docket Entry Nos. 37-38). On January 6, 2000, the district court denied Petitioner a certificate of appealability. (Id.; Docket Entry No. 44). On April 26, 2000, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (Id.; Docket Entry No. 48).

On July 20, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C.

---

[1] Although the Petition alleges that Petitioner received a prison sentence of 25-years-to-life (Petition at 2), Petitioner's sentence was actually 36-years-to-life. (See Donald Redick, a.k.a. Donald Wright v. C.A. Terhune, et al., Case No. CV 99-2338-HLH (CT); Docket No. 31 at 2).

2

§ 2254, challenging the same convictions. See Donald Gebe Wright v. Ron Rackley, Case No. CV 14-5922-SVW (AS); Docket Entry No. 1. On February 2, 2015, the Court issued an Order and Judgment denying and dismissing that habeas petition without prejudice as an unauthorized, successive petition. (Id.; Docket Entry Nos. 14-15). On February 27, 2015, the Court denied Petitioner's motion for relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6). (Id.; Docket Entry No. 18). On March 26, 2015, the district court denied Petitioner's request for a Certificate of Appealability. (Id.; Docket Entry No. 21). On September 18, 2015, the Ninth Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability. (Id.; Docket Entry No. 26).

On November 24, 2015, Petitioner filed a "Martinez Motion Under Trevino vs. Thaler 133 S.Ct. (2013)." See Donald Wright v. Ron Rackley, Case No. CV 15-09142-SVW; Docket Entry No. 1. On December 10, 2015, Petitioner filed an "Amended Martinez Motion Under Trevino vs. Thaler 133 S.Ct. (2013)." (Id.; Docket Entry No. 3). On December 14, 2015, Petitioner filed a "Martinez Motion Under Trevino v. Thaler 133 S.Ct. (2013)" (id.; Docket Entry No. 5), which the Court construed as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"), challenging the same convictions (id.; Docket Entry No. 7 at 1-2).[2] On June 29, 2016, the district court issued an Order and Judgment denying and dismissing that habeas petition

---

[2] The Court disregarded Petitioner's prior pleadings. (Id.; Docket Entry No. 7 at 2 n.1).

without prejudice as an unauthorized, successive petition. (Id.; Docket Entry Nos. 7-8). On May 23, 2019, the district court denied Petitioner's request for authorization to file a second or successive petition in this Court. (Id.; Docket Entry No. 11).

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

4

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657 (1996).

The instant Petition, filed on August 6, 2019, and the prior habeas action both challenge Petitioner's custody pursuant to the same 1994 judgment entered by the Los Angeles County Superior

Court.  Accordingly, the instant Petition is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A).  No such authorization has been obtained in this case.

Moreover, the claim asserted in the instant Petition does not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claim is not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001).  However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 157 (2007)(where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000)("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced.").

Because Petitioner has not obtained authorization from the

Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition.  See Burton v. Stewart, supra.

**ORDER**

Accordingly, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   August 13, 2019

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE